**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CARLOS SILVINO HERNANDEZ RAMOS and
JONSI RENAUN VASQUEZ ARRIAGA,

Petitioners,

v. CIVIL ACTION NO. 3:26-0498

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners Carlos Silvino Hernandez Ramos and Jonsi Renaun Vasquez Arriaga.[1] *Am. Pet.*, ECF No. 8. For the reasons discussed below, the Petition is **GRANTED** as it concerns Petitioner Vasquez Arriaga.

[1] The Petition was initially filed as a next friend petition. *Pet.*, ECF No. 1.

Appropriate relief has already been afforded to Petitioner Hernandez Ramos. *See Mem. Op. and Order*, ECF No. 13.

## I. BACKGROUND

Petitioners challenge their current civil immigration detention without an individualized custody determination and request immediate release. *Am. Pet*. ¶¶ 2–3, 20–23. Petitioners were arrested on the morning of August 10, 2026, within the interior of the United States, in or around Milton, West Virginia, near exit 28 following a traffic stop. *Id.* ¶ 17. They were then transported to the ICE processing facility in Poca, West Virginia. *Id.* ¶ 18; *Gov't's Vasquez Arriaga Resp.* 6, ECF No. 10. This Petition was initially filed around 11:37 A.M. on the same day. *Pet.*, ECF No. 1.

## II. DISCUSSION

The Government acknowledges the Court's prior decision in *Centeno Pastrana v. Venturella*, No. 3:26-0486, 2026 WL 2283605 (S.D.W. Va. Aug. 7, 2026) and indicates that a hearing on the matter is not necessary insofar as the Court grants the same relief as in *Centeno Pastrana*. *Gov't's Vasquez Arriaga Resp.* 2. Petitioners also agree that a hearing is not necessary insofar as the Court grants the same relief as in *Centeno Pastrana*. *Pet'rs' Notice*, ECF No. 11. The Court acknowledges the Government's additional argumentation regarding *in absentia* final orders of removal. *Gov't's Vasquez Arriaga Resp.* 11–14.

However, the Court adheres to its prior ruling in *Centeno Pastrana* that § 1231(a)(6) discretionary detention only applies when it is a continuation of § 1231(a)(1) mandatory detention initiated within the removal period. *Centeno Pastrana*, No. 3:26-0486, 2026 WL 2283605 at *3; *see also Judith S.F.Z. v. Warden of the California City Correctional Center*, No. 1:26-cv-02966-TLN-CKD, 2026 WL 1802129, at *3 (E.D.Cal., June 22, 2026); *Diallo v. Joyce*, 817 F.Supp.3d

202, 208 (S.D.N.Y., Dec. 23, 2025); *Rodriguez v. Moniz*, No. 26-13241-BEM, 2026 WL 2123649, at *1 (D.Mass., July 23, 2026)).

The Court also acknowledges the Government's additional argumentation regarding supervised release, including whether the presence of counsel may be required while Petitioner Vasquez Arriaga is processed for supervised release. *Gov't's Vasquez Arriaga Resp.* 11–14. Petitioners have stated that the presence of counsel is not necessary during this processing insofar as the conditions of supervised release imposed upon Petitioner Vasquez Arriaga are identical to those imposed upon Petitioner Hernandez Garcia in *Centeno Pastrana*. *Pet'rs' Notice* 2 n. 1. However, Petitioners have also made additional argumentation that 8 C.F.R. § 241.4 contemplates the presence of counsel or other assistance during this processing. *Pet'rs' Vasquez Arriaga Reply* 2, ECF No. 16.

In order to be subject to an appropriate order of supervision under 8 C.F.R. § 241.5, Petitioner Vasquez Arriaga must also be afforded the procedural protections provided by 8 C.F.R. § 241.4. *See* 8 C.F.R. § 241.5(a) ("An alien release pursuant to 8 C.F.R. § 241.4. shall be released pursuant to an order of supervision."). These procedures were promulgated to provide noncitizens with fundamental due process protections that courts have found to be constitutionally required. *Cruz v. Bondi*, No. 25-CV-262-JJM-PAS, 2025 WL 3295485, at *2 (D.R.I. Nov. 26, 2025) (citing Jimenez v. Cronen, 317 F. Supp. 3d 626, 655 (D. Mass. 2018)); *see also* 65 Fed. Reg. at 80283; Detention of Aliens Ordered Removed, 65 F.R. 80281–01, at 80283 (2000)). The ability to be "assisted during the custody-review process by an attorney of the noncitizen's choosing is one such protection." *Cruz*, No. 25-CV-262-JJM-PAS, 2025 WL 3295485, at *2. Thus, Petitioner Vasquez Arriaga will be permitted to consult with counsel while he is interviewed, provided counsel completes the necessary form "at the time of interview," as required by 8 C.F.R. § 241.4(d)(4).

## III. CONCLUSION

For the previously stated reasons, Respondents' Motion to Dismiss, ECF No. 10, is **DENIED**, and Petitioners' Amended Petition, ECF No. 8, is **GRANTED** as it concerns Petitioner Vasquez Arriaga. The Government is **ORDERED** to **PROMPTLY RELEASE PETITIONER** Vasquez Arriaga in the Southern District of West Virginia, today, **August 14, 2026**, subject to an appropriate order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. To that end, Petitioner Vasquez Arriaga will be returned to the Poca ICE facility and interviewed as necessary for the determination of his conditions of supervision. Petitioner Vasquez Arriaga will be permitted to consult with counsel during such interview. If reasonable objections to certain conditions of release persist after attempted resolution between parties, such conditions shall not be imposed, and the matter shall be immediately brought to the Court's attention for resolution.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: August 14, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE